UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PERNIS JOHNSON,

    Plaintiff,

v.                                                                          Case No. 2:07-cv-248
                                                                         HON. ROBERT HOLMES BELL

UNKNOWN LA'COUNT, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Pernis Johnson, an inmate currently confined at the Marquette Branch Prison (MBP), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Case Manager Unknown La'Count, Resident Unit Manager Ken Niemisto, Resident Unit Officer Unknown Hill, Resident Unit Officer Unknown Hemmila, Sergeant Unknown Lacy, and Resident Unit Officer Unknown Keenert.

Plaintiff's complaint alleges that he was assaulted by Defendants in retaliation for testifying on behalf of a fellow inmate. Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief.

Presently before the Court is the Defendants' Motion to Dismiss (docket #19), pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has filed a response and the matter is ready for decision. However, because Defendants have asked that the Court consider evidentiary materials beyond the pleadings, the motion is properly construed as one for summary judgment, pursuant to Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(b).

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). A prisoner's failure to exhaust his administrative remedies is an affirmative defense for which Defendants have the burden to plead and prove. *Jones v. Bock*, 127 S. Ct. 910, 919-21 (2007). A moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief of the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, a summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Defendants claim that they are entitled to summary judgment because Plaintiff failed to exhaust his available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007); *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 127 S. Ct. at 922-23.

MDOC Policy Directive 03.02.130 (effective Jul. 9, 2007), sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control *Id.* at ¶ P. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶ P. The Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly. Information provided shall be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R (emphasis in original). The inmate

- 3 -

submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ X.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within five business days of the response, or if no response was received, within five days after the response was due. *Id.* at ¶¶ P, BB. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances. *Id.* at ¶ DD. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶ FF. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ FF. The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ GG. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ S. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 120 calendar days unless an extension has been approved . . . ." *Id.*

In addition, the grievance policy provides that, where the grievance alleges conduct which falls under the jurisdiction of the Internal Affairs Division pursuant to Policy Directive 01.01.140, such as sexual misconduct, the grievance may be submitted directly to Step III. *Id.* at ¶ Q.

In their brief, Defendants assert that Plaintiff only filed one grievance in 2007 that was processed all the way to step III, MBP 2007-05-972-22b. In that grievance Plaintiff complains that he was moved to administrative segregation on or about May 25, 2007, solely to prevent him from seeing the parole board. As noted by Defendants, this grievance does not concern the allegations in Plaintiff's complaint. (*See* MBP 2007-05-972-22b, Defendants' Exhibit 2.)

Defendants also state that Plaintiff filed one step I grievance while at the Marquette Branch Prison, MBP 07-12-2215-19F. In that grievance, Plaintiff complains that $1500.00 worth of personal property was lost when he moved from A-unit to D-unit administrative segregation. Plaintiff's grievance was denied at step I because the property room records showed that Plaintiff had not been in possession of any appliances when he arrived at MBP in March of 2007, nor had any account transactions for any of the property items named been made since Plaintiff's arrival at MBP. (*See* MBP 07-12-2215-19F, Defendants' Exhibit 4, Attachment A.) Plaintiff did not appeal this grievance. (*See* Affidavit of Grievance Coordinator Mike Laitinen, Defendants' Exhibit 4, and Grievance Inquiry for Plaintiff, Defendants' Exhibit 1.)

In response to Defendants' motion for summary judgment, Plaintiff states that he is not required to show that he exhausted his administrative remedies. Plaintiff is correct that a prisoner's failure to exhaust his administrative remedies is an affirmative defense for which Defendants have the burden to plead and prove. *Jones v. Bock*, 127 S. Ct. 910, 919-21 (2007). However, once Defendants produce evidence showing that Plaintiff has failed to exhaust, Plaintiff must show that there is a genuine issue of material fact regarding whether he complied with the exhaustion requirement. Plaintiff has failed to make such a showing. Therefore, the undersigned recommends granting Defendants' motion for summary judgment.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendants' motion for summary judgment. Accordingly, it is recommended that Defendants' motion for summary judgment (Docket #19) be granted and that this case be dismissed in its entirety.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of

this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   February 12, 2009